CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 10 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

ROBERT E. DAWSON, et al.,  )
     Plaintiffs,  )    **Civil Action No. 6:06cv019**
  )
v.  )
  )
NORMA BRANDSBERG, et al.,  ) By: **Hon. Michael F. Urbanski**
     Defendants.  )    **United States Magistrate Judge**
  )

## MEMORANDUM OPINION

This matter is before the court on defendants Norma Brandsberg and Virginia Interstate Real Estate Services Inc.'s ("Brandsberg") motion to dismiss. Defendants moved to dismiss Counts I, VII, and VIII of plaintiffs' complaint for failure to state a claim under 15 U.S.C. § 1125(d)(1)(A) and 15 U.S.C. § 1129. Additionally, defendants argued that the pendent state claims be dismissed as well.

The parties consented to the undersigned's jurisdiction, and a hearing on the motion was held on the record on September 29, 2006. After argument, the court denied defendants' motion to dismiss and advised the parties that a memorandum opinion memorializing the court's decision would be forthcoming.

### I.

This action arises out of a feud over the ownership of and/or right to the domain name "www.robertedawson.com." In brief, plaintiffs Robert E. Dawson, and his real estate firm allege that Brandsberg, a Lynchburg based web host and realtor, was hired and paid by plaintiffs to register the domain name at issue and host a website for Dawson's firm. Plaintiffs paid the initial registration fee and yearly renewal fees for the domain name. Eventually, the business

relationship between the parties soured, and plaintiffs sought to transfer the domain name and the website to another internet service provider. Brandsberg refused to transfer the domain name and the website and essentially has held the domain name hostage.

## II.

In deciding a motion to dismiss, the court must construe all facts in the light most favorable to the plaintiffs and must assume all facts alleged in the complaint to be true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). A motion to dismiss should be granted only if it is clear as a matter of law that no relief could be granted under any set of facts. See Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978).

## A.

First, Brandsberg argues that Counts I, VII, and VIII fail to state a claim under 15 U.S.C. § 1125(d)(1)(A) because plaintiff Robert E. Dawson's name is not a protected registered or common law trademark.[1] In response, plaintiffs argue that a person's name need not be a

---

[1] **15 U.S.C. § 1125(d)(1)(A) reads:**
 (d) Cyberpiracy prevention

> (1)(A) A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person

> (I) has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and
> (ii) registers, traffics in, or uses a domain name that--
> > (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;
> > (II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark; or

(continued...)

2

trademark to qualify for protection under § 1125(d)(1)(A). Additionally, plaintiffs argue even if the name must qualify as a protected mark for liability to arise, it does in this case.

The federal cyberpiracy prevention statute clearly provides that a personal name is protected "as a mark" and imposes liability for bad faith registration of another's personal name with the intent to profit from such registration. Plaintiffs allege such bad faith intent in this case. As such, the court believes that the allegations of this case – where one party is alleged to be holding another's internet domain name registration hostage – fall squarely within the purview of the federal cyberpiracy prevention statute.

Defendants argue that this case fails as a matter of law because plaintiff Robert E. Dawson's name was not distinctive at the time the domain name "www.robertedawson.com" was registered. See 15 U.S.C. § 1125(d)(1)(A)(ii). "Distinctive" is a trademark term of art meaning that the designation has achieved some recognition as a symbol to identify a source of goods or services. McCarthy on Trademarks and Unfair Competition, § 25:78 n.13. Distinctiveness is commonly referred to as having acquired secondary meaning in the relevant marketplace. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 125 (4th Cir. 1990). This, along with use of the designation in the marketplace, is necessary to have a trademark in a surname. Id. (citing 815 Tonawanda Street Corp. v. Fay's Drug Co., 842 F.2d 643, 648-49 (2nd Cir. 1988)).

---

[1](...continued)

       (III) is a trademark, word, or name protected by reason of section 706 of Title 18 or section 220506 of Title 36. [18 U.S.C. § 706 and 36 U.S.C. § 220506 afford special protection to the Red Cross and the Olympic committees, respectively.]

3

Brandsberg argues plaintiff Robert E. Dawson's name is too common to be distinctive. In support of this argument, Brandsberg offers an internet search on "Robert E. Dawson," which yielded more than two hundred hits. These hits included an attorney, a photographer, and several physicians. Defendants did not limit this internet search to any relevant field of commerce, such as real estate. When plaintiffs conducted the same search, but included the term "real estate," they obtained only seven hits, of which only three were relevant. Of those three, two were the plaintiff Robert E. Dawson and the other was someone in China. Plaintiffs argue that this meets the test for distinctiveness.

Brandsberg also argues that plaintiff Robert E. Dawson's name has not acquired secondary meaning because he has only used it sporadically and recently, but offers nothing in support of this argument. In response, Plaintiffs have submitted several exhibits, refuting this notion, including a publicity flier/announcement from 1982 identifying plaintiff Robert E. Dawson as "Robert E. 'Robbie' Dawson;" information indicating plaintiff Robert E. Dawson established his first independent real estate company in 1991 under the name "Robert E. Dawson & Co.;"and that the name "Robert E. Dawson" has appeared on plaintiff Robert E. Dawson's business cards, letterhead, and announcements for many years. Further, plaintiffs state that extensive advertising has led consumers in the Lynchburg area to associate the name "Robert E. Dawson" with real estate services provided by plaintiff Robert E. Dawson.

As distinctiveness is an inherently factual issue and as it appears that this issue will be hotly disputed in this case, this issue cannot be resolved on the pleadings.

4

**B.**

Second, defendants argue that they are exempt from liability under 15 U.S.C. § 1129 because they fall within an express exception set forth in § 1129(1)(B).[2] Brandsberg states that she registered the domain name and created the website with the intent to sell the entire package to the plaintiffs at a later date. Accordingly, she claims that she maintains a copyright in her work of authorship, the website, and which is necessarily joined with the domain name.

Plaintiffs argue the § 1129(1)(B) exception is not applicable to defendants because Brandsberg has no copyright in the website. At the direction of the plaintiffs, Brandsberg was

---

[2]**15 U.S.C. § 1129(1)** provides:

>   (1) In general
>       (A) Civil liability
>
>       Any person who registers a domain name that consists of the name of another living person, or a name substantially and confusingly similar thereto, without that person's consent, with the specific intent to profit from such name by selling the domain name for financial gain to that person or any third party, shall be liable in a civil action by such person.
>
>       (B) Exception
>
>       A person who in good faith registers a domain name consisting of the name of another living person, or a name substantially and confusingly similar thereto, shall not be liable under this paragraph if such name is used in, affiliated with, or related to a work of authorship protected under Title 17, including a work made for hire as defined in section 101 of Title 17, and if the person registering the domain name is the copyright owner or licensee of the work, the person intends to sell the domain name in conjunction with the lawful exploitation of the work, and such registration is not prohibited by a contract between the registrant and the named person. The exception under this subparagraph shall apply only to a civil action brought under paragraph (1) and shall in no manner limit the protections afforded under the Trademark Act of 1946 (15 U.S.C. 1051 et seq.) or other provision of Federal or State law.

5

provided with the domain name to be registered in plaintiffs' name and plaintiffs paid the

registration fee and yearly renewal fees for that domain name. Additionally, plaintiffs provided

Brandsberg with a digitalized version of a copyrighted brochure, in individual page format,

whose exact replication was to be put on the website. As the only material on the website was

copied directly from those files, plaintiffs argue Brandsberg merely made a mechanical transfer

of computer files to a web compatible version which would not entitle her to a copyright in the

website.

During the hearing, Brandsberg argued that she wrote the "code" which allowed this

translation to occur. Plaintiffs contested this assertion noting that internet source code is widely

available, in many cases is available for use at no charge, and is relatively easy to use. As such,

plaintiffs argued it would be extremely unlikely that Brandsberg would rewrite such code merely

to post the provided computer files, particularly as she only charged $199 per year for her

services.

To be subject to copyright protection, a work must be independently created by the

author. Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 345-47 (1991). The

creator of a work at another's direction, without contributing any intellectual modification, is not

an author and, therefore, has no copyright interest in the work. See Lakedreams v. Taylor, 932

F.2d 1103, 1108 (5th Cir. 1991) (finding an artist who copies a paper drawing to a silkscreen

work is not an author, and explaining authors have copyright protection even if they do not

actually put the material into the form distributed to the public), see also Andrien v. Southern

Ocean County Chamber of Commerce, 927 F.2d 132, 135 (3d Cir. 1991). Plaintiffs argue that

Brandsberg did not impart any independent or creative development into the website because

6

plaintiffs provided all information and detail for the development of the website, including digitalized text, photos, and layout. This clearly raises a factual question as to the authorship of the website and, thus, any alleged copyright in the final product.

Additionally, plaintiffs argue that Brandsberg did not register plaintiff Robert E. Dawson's name as a domain name in good faith and with the intent to sell the domain name with the lawful exploitation of the work of authorship. Plaintiffs argue that the oral agreement between the parties was for Brandsberg to purchase the domain name for plaintiffs and that this agreement is evinced by the fact that plaintiffs were billed for and paid the initial registration fee and renewal fees for the domain name. Plaintiffs contend that Brandsberg's registration of the domain name as her own demonstrates a lack of good faith.

As authorship appears to be a disputed question of fact and as Brandsberg's good faith in registering the domain name is clearly at issue, the court finds that Brandsberg has not established the applicability of the exception to liability under 15 U.S.C. § 1129(1)(B) as a matter of law.

## C.

Finally, Brandsberg argues for the dismissal of the entire complaint if Counts I, VII, and VIII are dismissed because no federal claims would remain pending. However, as indicated above, the court finds that these claims cannot be dismissed at this stage in the litigation. Therefore, this issue need not be addressed further.

## III.

During oral argument, the issue of a nonexclusive, implied license in the domain name and website was broached by plaintiffs. Plaintiffs argued that regardless of any alleged intent to

sell the domain name and website to the plaintiffs at a later date, plaintiffs possess a nonexclusive, implied license to use the domain name "www.robertedawson.com." As such, defendants do not have any basis to continue to withhold the domain name.

A nonexclusive license is a judicially created solution for situations in which two parties intend to transfer a copyright, but neglect to do so in writing. Nelson-Salabes, Inc. v. Morningside Development, LLC., 284 F.3d 505, 514 (4th Cir. 2002). A licensor may grant such an interest in a copyright orally or a court may imply the existence of a nonexclusive license from the conduct of the parties. Id. The nonexclusive license does not constitute a transfer of the copyright, but merely permits the use of the copyrighted work in a particular manner. Id. A nonexclusive license is granted where: (1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes that particular work and delivers it to the licensee, and (3) the licensor intends that the licensee copy and distribute the work. Id. (adopting the three part test set out in Effects Associates, Inc. v. Cohen, 908 F.2d 555, 558-59 (9th Cir. 1990) for determining if an implied, non-exclusive license in a copyright protected work has been granted).

Although there is no written contract memorializing the agreement between the parties regarding the right to possess or use the domain name "www.robertedawson.com," both parties agree that plaintiffs initiated contact with Brandsberg and requested that she register the domain name "www.robertedawson.com." Additionally, both parties agree that Brandsberg developed the website associated with the domain name; however, they disagree as to whether this is an independent work entitled to copyright protection. Brandsberg admits that she has no independent interest in or use for the domain name or website, apart from her alleged proprietary interests. Further, she concedes that plaintiffs paid for the initial registration of the domain

8

name, paid the yearly renewal fees for the domain name, and also paid her for development, web hosting, and web maintenance services she provided. Even assuming that Brandsberg created the website, if plaintiffs have no license to use the website or domain name, the creation would be valueless. "It would be counterintuitive to hold that an entity or persons . . . 'would pay good consideration to have a website created and not be able to use it.'" Attig v. DRG, Inc., 2005 WL 730681, at * 6 (E.D. Pa March 30, 2005) (internal citations omitted). Plaintiffs' argument that they are entitled to a nonexclusive, implied license in the domain name and website provides further support for denial of defendants' motion to dismiss.

## IV.

Based on the foregoing, defendants' motion to dismiss must be denied.

The Clerk of the Court is hereby directed to send a certified copy of the Memorandum Opinion and accompanying Order to all counsel of record.

Entered this __10__ day of October, 2006.

Michael F. Urbanski
United States Magistrate Judge

9